UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GORDON ALLEN STAMPER, | ) | CASE NO. 1:08 CV 2593 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 3, 2008 pro se plaintiff Gordon Allen Stamper filed the above-captioned action against the United States of America, R. Barclay Surrick, Barack Hussein Obama, and John McCain. He asserts this court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1361, "as well as under the United States Constitution, Bill of Rights, [and] First Amendment." Mr. Stamper complains that defendant Surrick has failed his duty to uphold the Constitution, and defendants Obama and McCain are ineligible to run for President of the United States. In his prayer for relief, Mr. Stamper seeks an order directing:

> those official offices and employees of government that this
> Honorable Court deems necessary to insure that Article II,

> Section 1, remains protected to the fullest extent of the law, along with any other broken laws. That Defendant Obama and Defendant McCain be required, within 3 days, to present to this Court proof of their eligibility to run for President of the United States. And such other relief as the Court may deem proper and equitable.

(Compl. at 11.) For the reasons set forth below, this action is dismissed.

*Relevant Facts*

Mr. Stamper's interest in this matter traces back to a complaint filed this past summer in the United States District Court for the Eastern District of Pennsylvania. The case, Berg v. Obama, et al., No. 2:08cv4083 (E.D. Pa. Aug. 21, 2008), filed by attorney Philip J. Berg on his own behalf, alleged Senator Obama is not eligible to run for the Office of President of the United States because he is not a natural born citizen of the United States. Mr. Berg sought a Temporary Restraining Order (TRO) prohibiting Senator Obama from running for President, and enjoining the Democratic National Committee (DNC) from selecting him as the nominee. He sought further that the court declare Senator Obama ineligible to run for the Office of President under Article II, Section 1 of the Constitution and permanently enjoin both Senator Obama from running for President and the DNC from nominating him for President. Following a hearing before the court on August 22, 2008, the Motion for TRO was denied.

On October 20 and 24, 2008, Mr. Stamper claims he attempted to intervene in the Berg case by facsimile and United States mail. These attempts were made to assure "that the United States Constitution was being defended 'to the fullest extent of the law.'" (Compl. at 6.) On the same date Mr. Stamper allegedly filed an intervener motion, Judge R. Barclay Surrick issued a Memorandum and Order granting the defendants' Motions to Dismiss. He asserts that this eliminated

his right to any other adequate remedy.

Agreeing that Judge Surrick properly determined that Philip Berg did not have standing to assert any claim against Senator Obama, Mr. Stamper now maintains that a writ of mandamus must issue to the United States Attorney General. He believes this will provide that "a Grand Jury be assembled, and that if such evidence be found and considered sufficient, that the Government should then have a right standing before a Court, and that such Court's jurisdiction would only then be found in order and without question." (Compl. at 8.) Mr. Stamper asserts that Senator Obama must be investigated in order for Article II, Section 1 "to be upheld, supported, and defended."[1] (Compl. at 8.)

Mr. Stamper claims Senator Obama has failed to voluntarily prove his eligibility for President. Moreover, he accuses Senator Obama of falsifying his State Bar Application in Illinois by claiming he never used any name other than Barack Hussein Obama. Without describing to what records he is referring, Mr. Stamper states "[r]ecords which have become public knowledge . . . show Barack Hussein Obama was in fact AKA Barry Soetoro, a citizen of Indonesia, enrolled in the Franciscan Assisi Primary School in Jakarta, Indonesia with serial number 203, sat in class 1B, and registered as a Muslim." (Compl. at 9.) One basis for this argument is Mr. Stamper's assertion that Senator Obama's mother married "a certain Lolo Soetoro, moving to Indonesia, expatriating both herself and her son, having thus caused by 'self-declaration on legal, public, educational records that Defendant Obama was the step-son of Lolo Soetoro, now a citizen of Indonesia." (Compl. at 9.)

Mr. Stamper asserts that Senator Obama attempted to assuage public concern

---

[1] Mr. Stamper cites to a provision under Article II, Section, that "No person except a natural born citizen, or a citizen of the United States, at the time of the adoption of the Constitution, *shall be eligible* to the office of President." (Compl. at 4)(emphasis in original.)

regarding his citizenship by allegedly publishing "a falsified *registration of birth* on the Internet." (Compl. at 9)(emphasis in original.) He claims that Judge Surrick missed these facts and allegedly failed his duty to uphold the Constitution. Mr. Stamper's injury in this matter is Judge Surrick's "lack of action,[which] . . . will no doubt multiply the severity of the problem, as time for action is rushing quickly to an end, and may have already passed us by." (Comp. at 10.)

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), a "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

*Jurisdiction*

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Beyond the fact that Mr. Stamper has named the United States as a party defendant, he has failed to otherwise establish this court's jurisdiction over his complaint.

4

*Writ of Mandamus*

Under the relevant mandamus statute, it provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.  Jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must first find that a duty is owed to the plaintiff. See Vishnevsky v. United States, 581 F.2d 1249, 1253 n. 4 (7th Cir.1978).

In order for there to be a "duty owed to the plaintiff" within the meaning of §1361, there must be a "mandatory or ministerial obligation.  If the alleged duty is discretionary or directory, the duty is not 'owed.'" Short v. Murphy, 512 F.2d 374, 377 (6th Cir.1975). A duty is not "owed" unless the obligation is " 'plainly defined and peremptory.' " United States v. Battisti, 486 F.2d 961, 964 (6th Cir.1973) (quoting Albert v. United States Dist. Court, 283 F.2d 61, 62 (6th Cir.1960), cert. denied, 365 U.S. 828 (1961)). See also Martins Ferry Hosp. Ass'n v. NLRB, 654 F.2d 455, 456 (6th Cir.) (per curiam), cert. denied, 454 U.S. 1083 (1981).

As a threshold matter, Mr. Stamper cannot mandamus the United States per se. Hospoder v. United States, 209 F.2d 427, 429 (3d. Cir. 1953).  Moreover, he has failed to allege Judge Surrick owed him any duty to either grant a motion to intervene or issue a favorable ruling on behalf of Philip Berg.  There is no clearly defined "duty to act" which Judge Surrick owes to the plaintiff.  Furthermore, section 1361 is available only to enforce a right and is not available to establish a right; thus, when a plaintiff seeks to establish a right, the district court has no jurisdiction under 28 U.S.C. § 1361. United States v. Mellon, 32 F.2d 415 (1929).

5

Without an order issuing plaintiff's requested writ of mandamus, Mr. Stamper has failed to assert any other basis upon which this court can exercise jurisdiction over his claims against Senators Obama and McCain.[2] Mandamus cannot be used to compel the Attorney General or the United States Attorney to conduct investigations or prosecute alleged civil rights violations. Ryon v. O'Neill, 894 F.2d 199, 205, n. 3 (6th Cir.1990)(citing Peek v. Mitchell, 419 F.2d 575, 577 (6th Cir.1970)). Because the defendants owe Mr. Stamper no mandatory duty to investigate his complaint, see Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir.1989), it fails to state a claim for mandamus relief.

It is well settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought. In the absence of special statutory authority it can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it. Haggard v. State of Tenn.,421 F.2d 1384,1386 (6th Cir. 1970); Hertz v. Record Publishing Co., 219 F.2d 397 (3d Cir.1955), cert. denied, 349 U.S. 912 (1955). Without an independent basis for jurisdiction, the court cannot address the merits of Mr. Stamper's complaint and the action must fail. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94(1998)("Without jurisdiction, court cannot proceed at all in any cause; jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to court is that of announcing the fact and dismissing cause.")(citation omitted)

*Civil Rights*

Mr. Stamper's generalized statement that his "injury is of concern to the Constitution" is insufficient to otherwise establish the jurisdiction of this court. District courts are not obligated to conjure up questions never squarely presented to them or to construct full blown claims from

---

[2]Very few facts address Senator McCain's alleged failure to prove his eligibility for President. Mr. Stamper merely asserts Senator McCain has failed to prove that eligibility.

6

sentence fragments. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Further, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions).

Based on the foregoing, this action is dismissed. Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: November 4, 2008                    *s/         James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE